**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR LANN PITTMAN, CDCR #F-64353<br><br>                                    Plaintiff,<br><br>vs.<br><br>BARRO, et al.,<br><br>                                    Defendants. | Civil No.   09-0080 L (POR)<br><br>**ORDER:**<br><br>**(1)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a); and**<br><br>**(2)  DISMISSING CIVIL ACTION FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Plaintiff, a state inmate currently incarcerated at California Rehabilitation Center located in Norco, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

1  U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if
2  the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).
3  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d
4  1176, 1177 (9th Cir. 1999).

5  Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action,
6  nor has submitted a Motion to Proceed IFP.  Therefore, this case is subject to immediate
7  dismissal pursuant to 28 U.S.C. § 1914(a).

8  **II.     Lack of Proper Venue**

9  An initial review of this action reveals that Plaintiff's case lacks proper venue.  Venue
10 may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading
11 and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).
12 "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except
13 as otherwise provided by law, be brought only in (1) a judicial district where any defendant
14 resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part
15 of the events or omissions giving rise to the claim occurred, or a substantial part of property that
16 is the subject of the action is situated, or (3) a judicial district in which any defendant may be
17 found, if there is no district in which the action may otherwise be brought."  28 U.S.C.
18 § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d
19 834, 842 (9th Cir. 1986).  "The district court of a district in which is filed a case laying venue
20 in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such
21 case to any district in or division in which it could have been brought."  28 U.S.C. § 1406(a).

22 Here, Plaintiff is incarcerated at the California Rehabilitation Center in Norco, California
23 and he alleges that events which give rise to his claims occurred in Norco, California.  (*See*
24 Compl. at 1.)   In addition, the named Defendants are alleged to reside in Norco.  (*Id.* at 2.)
25 Norco is located in Riverside County.  No defendant is alleged to reside in the Southern District.
26 *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial
27 and San Diego.").
28 / / /

1       Thus, venue may be proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1) but *not* in the Southern District of California.[1] *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

**III**.    **Conclusion and Order**

      For the reasons set forth above, the Court hereby:

      **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

      **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

      The Clerk of Court shall close the file.

      **IT IS SO ORDERED.**

**DATED: January 21, 2009**

                                      */s/ M. James Lorenz*
                                    **M. James Lorenz**
                                    **United States District Court Judge**

---

[1] Plaintiff is cautioned, however, that should he elect to proceed with these claims by filing a Complaint in the Central District of California, along with a Motion to Proceed IFP, his Complaint will be subject to the sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b).